UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEE HUFFMAN                                                      CIVIL ACTION

VERSUS                                                           No. 16-3714

BRISTOL-MYERS SQUIBB ET AL.                                      SECTION I

CORRECTED ORDER AND REASONS

Before the Court is defendants' motion[1] to dismiss and for a more definite statement. For the following reasons, the Court grants in part and denies in part the motion to dismiss, and grants the motion for a more definite statement.

I.

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

---

[1] R. Doc. No. 15.

(2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## II.

Defendants move to dismiss the complaint on the ground that plaintiff does not plead "an alternative design for the product that was capable of preventing the claimant's damage." *See* La. Rev. Stat. § 2800.56. However, when fairly read, the plaintiff's complaint plausibly alleges that warfarin was a possible alternative design of a contemporaneous blood thinning product that could have prevented any uncontrollable bleeding because warfarin had an antidote. *See, e.g.*, Comp. ¶¶ 28, 32,

63. Accordingly, the Court denies defendants' motion to dismiss the design defect claim without discussing the propriety of the plaintiff's other proposed alternative designs.

## III.

Louisiana applies the learned intermediary doctrine to products liability claims involving prescription drugs. *See, e.g.*, *Allgood v. SmithKline Beecham Corp.*, 314 F. App'x 701, 702 (5th Cir. 2009). Under Louisiana law, a "drug manufacturer has no duty to warn the customer directly," *Kampmann v. Mason*, 921 So. 2d 1093, 1094 (La. 5th Cir. 2006), but instead "the drug manufacturer's duty is to provide reasonable care to provide an adequate warning to the doctor," *id.* at 1096 (internal quotation marks omitted). To properly plead a failure to warn claim in a drug case, the plaintiff must make two showings:

- The defendant "failed to warn (or inadequately warned) the physician of a risk associated with the product that was not otherwise known to the physician." *Stahl v. Novartis Pharms. Corp.*, 28 F.3d 254, 265-66 (5th Cir. 2002).

- The "failure to warn the physician was both a cause in fact and the proximate cause of the plaintiff's injury." *Id.* at 266.

### A.

Plaintiff alleges sufficient facts to plausibly establish that the defendants did not exercise reasonable care when warning about the risks of Eliquis. Just as in *Guidry v. Jassen Pharmaceuticals, Inc.*, here the plaintiff alleges facts rendering plausible the allegation "that the defendants intentionally concealed or downplayed

3

the . . .side effects" of Eliquis, while at the same time promoting the drug "without adequately disclosing the potential risks." ___ F. Supp. 3d ___, 2016 WL 4508342, at *7 (E.D. La. 2016). Defendants' contrary suggestion that defendants provided sufficient warnings "is a question that goes beyond the scope of a motion to dismiss" because the argument "raise[s] issues of fact that are not ripe for resolution." *Id.*

## B.

Plaintiff does not presently allege that plaintiff's doctor would not have prescribed Eliquis had the doctor received an adequate warning. To demonstrate causation under Louisiana law, the plaintiff must ultimately show that the doctor would not have prescribed Eliquis had the doctor received a proper warning. *See, e.g., Flagg v. Stryker Corp.*, 647 F. App'x 314, 316 n.3 (5th Cir. 2016). Accordingly, alleging that fact in the complaint is necessary so that this Court can draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the Court will dismiss the failure to warn claim with leave to amend.

## IV.

To allege a breach of an express warranty under the Louisiana Products Liability Act, the plaintiff is required to allege that:

- "[T]he manufacturer made an express warranty regarding the product,"
- "the plaintiff was induced to use the product because of that warranty,"
- "the product failed to conform to that express warranty," and

- "the plaintiff's damage was proximately caused because the express warranty was untrue."

*Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002).  Defendants move to dismiss the express warranty claims on the grounds that (1) advertisements can never establish an express warranty, and (2) plaintiff does not allege the specific warranty and the specific materials providing that warranty.

### A.

The Court rejects defendants' contention that advertisements can never contain an express warranty.  While the Court certainly agrees that in many instances advertisements will not contain express warranties because they will simply include "a general opinion or general praise," *Guidry*, 2016 WL 4508342, at *7, that does not justify a per se rule that an advertisement can never contain an express warranty.  After all, multiple district courts in this Circuit have recognized that "marketing materials *may* rise to the level of an express warranty."  *Id.* (emphasis added).  Thus, the express warranty claim should not be dismissed simply because plaintiff alleges that it was contained in advertisements.

### B.

The complaint sufficiently alleges the provision of an express warranty.  To allege an express warranty, the plaintiff need not point to "specific language offered by a manufacturer."  *Robertson v. AstraZeneca Pharms., LP*, 2015 WL 5823326, at *5 (E.D La. 2015).  Instead, the plaintiff must simply "specify the warranty in question and explain why that warranty was untrue."  *Id.*  Here, the complaint alleges that

5

defendants made false representations in marketing materials regarding the superiority of Eliquis to other blood thinners because of specific characteristics of Eliquis, all the while knowing Eliquis to be, in fact, a more dangerous alternative. Compl. ¶¶ 28, 32-35, 37-39, 89. Such allegations, while not a model to follow, are sufficient at the pleading stage. *See, e.g.*, *Boutte v. Stryker Biotech, LLC*, 67 F. Supp. 3d 732, 739 (M.D. La. 2014); *Harris v. Merck & Co., Inc.*, No. 12-1446, 2012 WL 5384720, at *5 (W.D. La. 2012).[2] The Court therefore denies defendants' motion to dismiss the warranty claims.

## V.

Defendants move to strike certain portions of the complaint under Federal Rule of Civil Procedure 12(f), which provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court declines to do so, however, because it is unconvinced that the allegations of fraudulent conduct are "prejudicial or immaterial to the case." *Max Access, Inc. v. Gee Cee Co. of LA, Inc.*, No. 15-1728, 2016 WL 454389, at *2 (E.D. La. 2016). In particular, though plaintiff is not alleging a fraud or a fraud-on-the-

---

[2] Defendants argue in their reply brief that the express warranty claim should be dismissed because the complaint does not allege that plaintiff specifically relied on the defendants' warranties when taking Eliquis. R. Doc. No. 24, at 7. Defendants did not specifically raise that argument in the argument section of their opening brief. *See* R. Doc. No. 15-1, at 11-13. Therefore, the Court does not consider it. *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009) ("This court does not entertain arguments raised for the first time in a reply brief.").

FDA claim,[3] the allegations regarding fraud are likely relevant to whether defendants exercised reasonable case in designing and warning about Eliquis.[4]

## VI.

Finally, defendants move to require plaintiff to make a more definite statement as to when (1) plaintiff was injured by Eliquis, and (2) plaintiff became aware of his injuries. The Court agrees with defendants that the motion should be granted given the limited scope of information that defendants seek (two critical and seemingly discernable dates that are exclusively in the plaintiff's possession). *See, e.g.*, *Lambert v. Ocwen Loan Servicing, LLC*, No. 14-3167, 2015 WL 1246953, at *2 (S.D. Tex. 2015) (requiring plaintiff to plead facts so that the defendants could determine whether the plaintiff alleged a timely claim). The Court will not allow the plaintiff to dodge the potential burden of showing that the action is timely simply by not pleading any dates all together. *Cf. Coleman v. H.C. Price Co.*, No. 11-2937, 2012 WL 1118775, at *7 (E.D. La. 2012); *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1361 (La. 1992) (setting out burden shifting framework when the face of the pleadings suggests action is untimely).

## VII.

Accordingly,

---

[3] R. Doc. No. 19-1 at 19.
[4] Plaintiff is cautioned, however, that the Court's refusal to strike the fraud allegations should not be taken as a fishing license to pursue discovery on tangential issues.

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. Plaintiff has leave to file an amended complaint addressing the present infirmities with the failure to warn claim no later than **October 24, 2016**. Should defendants still contend that any amended complaint does not plead causation on the failure to warn claim, defendants may file a motion to dismiss the claim on such grounds no later than **November 2, 2016**. Should defendants do so, plaintiff shall respond no later than **November 11, 2016**, at which point the Court will take the motion under submission.

**IT IS ORDERED** that defendants' motion for a more definite statement is **GRANTED.** No later than **October 24, 2016**, plaintiff shall file an amended complaint specifying when (1) plaintiff was injured by Eliquis, and (2) plaintiff became aware of his injuries. Should defendants contend that dismissal on prescription grounds is appropriate based on the pleadings, defendants shall so move no later than **November 2, 2016**.[5] Should defendants do so, plaintiff shall respond no later than **November 11, 2016**, at which point the Court will take the motion under submission.

New Orleans, Louisiana, October 14, 2016.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[5] To be clear, failure to so move would not waive the ability to timely move for summary judgment on the issue provided that any such defense is raised in the answer.